UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIAMH BARRY,

        *Plaintiff*,

        -against-

LIV DESIGN, INC. d/b/a CARRIE LIVINGSTON
DESIGN, CARRIE LIVINGSTON, and DOMUS DESIGN
CENTERS, INC. d/b/a DDC,

        *Defendants*.

JUDGE STEIN

**COMPLAINT**

**JURY TRIAL DEMANDED**

15 CV 974

Plaintiff, Niamh Barry, by her attorneys Cahill Partners LLP, for her complaint against the Liv Design, Inc. d/b/a Carrie Livingston Design ("CL Design"), Carrie Livingston ("Livingston"), and Domus Design Centers, Inc. d/b/a DDC ("DDC") (collectively, "Defendants") hereby alleges as follows:

**NATURE OF ACTION**

1.     Plaintiff is an internationally renowned creator of original and distinctive abstract sculptures that incorporate LED light technology, among other designs. Plaintiff seeks damages for willful copyright infringement by Defendants, arising from Defendants' unauthorized copying and selling of one of Plaintiffs most iconic light sculptures (the "Sculpture")[1] in violation of the United States Copyright Act, 17 U.S.C. § 101 *et seq.* (the "Copyright Act").

2.     Defendants, without any authority from Plaintiff, prepared, reproduced, publicly displayed, and sold copies of the Sculpture.

3.     Plaintiff seeks legal and equitable relief to remedy Defendants' willful infringement of Plaintiff's copyright. Plaintiff requests an Order: (1) declaring that Defendants'

---

[1] Plaintiff sought to register the Sculpture with the Copyright Office, which was initially rejected.

unauthorized duplication and public display of the Sculpture willfully infringes Plaintiff's copyright in violation of the Copyright Act; (2) prohibiting Defendants from further infringement of Plaintiff's copyrights; (3) requiring the impoundment and destruction of all of Defendants' copies of the Sculpture; and (4) awarding actual damages and profits to the extent permitted under the Copyright Act.

### PARTIES, JURISDICTION AND VENUE

4. Plaintiff is an individual and citizen of the Republic of Ireland.

5. On information and belief, Defendant Liv Design, Inc. d/b/a Carrie Livingston Design is a California corporation with its principal place of business at 1749 Ensley Ave., Los Angeles, California 90024, that is doing business in this judicial District.

6. On information and belief, Defendant Carrie Livingston is an individual residing in California, is the owner of the Liv Design, Inc. d/b/a Carrie Livingston Design, and is doing business in this judicial District.

7. On information and belief, Defendant Domus Design Centers, Inc. d/b/a DDC is a New York corporation with its principal place of business at 181 Madison Ave., New York, NY 10016, that is doing business in this judicial District.

8. The Court has personal jurisdiction over defendants under CPLR §§ 301-303.

9. This Court has subject matter jurisdiction over claims arising under the copyright and trademark laws of the United States under 28 U.S.C. §§ 1331 and 1338.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a).

## STATEMENT OF FACTS

11.     Since at least 2001, Plaintiff's fine art and design work has appeared in public exhibitions, as well as private collections internationally. Her light sculptures have gained recognition and acclaim worldwide for their intuitive, hand-crafted abstract form, their fluid, seemingly molten surface, and their exploration of formal relationships to create visual weight and movement. Plaintiff's sculptures are so distinctive that they have been featured in contemporary fine art fairs.

12.     Plaintiff's work has been exhibited in London and New York at art and design fairs since 2006. Exhibitions include 100% Design (London, 2006), International Fine Art & Antiques Fair (New York, 2012), Collective Design Fair (New York, 2013), Art Southampton (New York, 2013), Masterpiece (London, 2013), and Art Miami (Miami, 2013).

13.     Plaintiff sells her sculptures in New York through Todd Merrill Studios ("Todd Merrill"), a fine art and design gallery and dealer, and Plaintiff's exclusive representative in the United States.

14.     On information and belief, defendants CL Design and Livingston are in the business of interior design and furnishings.

15.     On information and belief, Defendant DDC is a gallery and dealer the business of displaying and selling contemporary furniture design.

16.     Plaintiff created the light sculpture *Link* in 2012 ("*Link*" or the "Sculpture"), and issued a limited edition of twelve copies and an artist's proof. *Link* is made from mirror-polished solid bronze, opal polycarbonate and LEDs, and takes the form of three interlinking ovals, with the LEDs facing externally.

17. *Link* is being advertised and offered for sale in the United States exclusively through Todd Merrill in New York.

18. In May of 2013, Livingston announced on her website the launch of her furnishings line, to be debuted during the NYCxDESIGN week in the same month.

19. Livingston's furnishings line launch announcement introduced "Lighting by Carrie Livingston" as the first category of Livingston's new custom furnishings, and included a photograph of an item virtually identical to *Link*, consisting of three interlinking ovals of mirror-polished metal, with LED strips on the externally facing side of the ovals.

20. On May 17th, 2013 in New York, DDC displayed and offered for sale an actual copy of the same item, entitled "The Regency Chain Link Light," as the first piece of the new "Lighting by Carrie Livingston" line.

21. On information and belief, Livingston is a professional interior designer who informs herself about artists and designers being featured in world cultural capitals such as New York and London, where she conducts business.

22. Livingston had access to Plaintiff's work through the exhibition, publication, and promotion of Plaintiff's work in art and design markets prior to May, 2013.

23. Since CL Design and Livingston's product is virtually identical to Plaintiff's *Link* Sculpture, and Livingston had access to Plaintiff's creation, CL Design and Livingston used Plaintiff's Sculpture to make copies.

24. On information and belief, sometime between 2012 and May 2013, Livingston used Plaintiff's copyrighted sculptural work *Link* in order to reproduce it without authorization for sale as "The Regency Chain Link Light" under the product line "Lighting by Carrie Livingston."

25. On information and belief, DDC debuted and offered for sale "The Regency Chain Link Light" in their New York showroom as a part of NYCxDESIGN week on May 17th, 2013.

26. On information and belief, DDC showcased the same copy or another copy of "The Regency Chain Link Light" in their Los Angeles showroom by October 7th, 2013.

27. On information and belief, CL Design and Livingston provided contact information on her own web pages for the purpose of soliciting purchase offers for "The Regency Chain Link Light."

28. On information and belief, CL Design and Livingston, either directly or through DDC or another sales representative, generated and received orders for the infringing product, based on marketing for NYCxDESIGN and subsequent showroom displays.

29. On information and belief, NYCxDESIGN is attended by design professionals, merchants, and buyers from throughout the United States and from around the world.

30. Upon information and belief, Livingston at all relevant times had the right to control the infringing activities complained of herein.

31. Upon information and belief, Livingston at all relevant times had the ability to control the infringing activities complained of herein.

32. Upon information and belief, Livingston at all relevant times realized or stood to realize a direct financial benefit from the infringing activities complained of herein.

33. Promptly after becoming aware of Defendants' unauthorized use of the Sculpture, Plaintiff contacted Defendants and advised Defendants that the use of the Sculpture was unauthorized.

34. On February 28, 2014 and March 18th, 2014, Plaintiff sent cease and desist letters (the "Cease and Desist Letters") notifying Defendants of Plaintiff's copyrights, and of the fact that Defendants had infringed Plaintiff's copyrights.

35. The Cease and Desist Letters demanded, inter alia:

> ... that [Defendants] and any affiliates, immediately cease and desist any and all copying, importation, manufacture (domestic and foreign), offering for sale, sale, distribution, advertising, promotion and display of the Infringing Product, whether directly or through third-party outlets. We also demand that [Defendants] confirm in writing that all copying, importation, manufacture (domestic), offering for sale, sale, distribution, advertising, promotion and display of the Infringing Product has ceased no later than seven (7) days from your receipt of this letter. Finally, we demand that within the same seven-day period you do the following:
>
> 1. Provide the identity and source of all persons engaged in the marketing and/or sale of the Infringing Product;
>
> 2. Provide details about the distribution and sale of the Infringing Product, and the details of such sales and orders, including dollar amounts; and
>
> 3. Deliver to the undersigned (for destruction) all unauthorized copies of the copyrighted works, whether in intermediate, developmental or final form, including but not limited to prototypes, maquettes, sketches, and molds developed or used for the creation of Infringing Product.

36. Defendants have ignored the notice they received from Plaintiff and, upon information and belief, continue to public display and sell infringing copies of the Sculpture.

37. Defendants have, after receiving the Cease and Desist Letters, willfully infringed Plaintiff's copyright by exhibiting and reproducing "The Regency Chain Link Light" at events in New York and California, which were advertised on Facebook and elsewhere.

38. On information and belief, Defendants continued to offer for sale and to sell Defendants' unauthorized copies of the Sculpture under the name "The Regency Chain Link Light."

39. Defendants have acted in a manner showing intransigence and willful disregard of the existence of Plaintiff's copyright, as well as the Cease and Desist Letter of March 18th, 2014.

40. Plaintiff has been damaged by Defendants' deliberate copying of Plaintiff's copyrighted work, and by Defendants' willfulness and intransigence even after Defendants were actually informed of Plaintiff's copyright.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement)

41. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 40 of her Complaint.

42. Plaintiff is the copyright owner of the Sculpture.

43. The Sculpture is an original work of authorship.

44. The Sculpture has been fixed in a tangible medium of expression.

45. The Sculpture contains substantial amounts of material created by Plaintiff's own artistic judgment and creativity.

46. The Sculpture is copyrightable subject matter under the laws of the United States.

47. Defendants' unauthorized copying and reproduction of the Sculpture, and subsequent public display and sale of copies of the Sculpture, are infringements of Plaintiff's copyright in violation of the Copyright Act.

48. As a direct and proximate cause of the foregoing acts of the Defendants, Plaintiff has been damaged in an amount to be proved at trial.

**WHEREFORE**, Plaintiff respectfully requests the entry of a judgment:

a. Awarding Plaintiff actual damages and profits under 17 U.S.C. § 504 in an amount to be proved at trial;

b. Awarding Plaintiff the costs and expenses of this action, including her reasonable attorneys' fees;

c. Awarding Plaintiff preliminary and permanent injunctive relief, including the impoundment and destruction of all copies of The Regency Chain Link Light or any other copies of the Sculpture; and

d. Awarding the Plaintiff such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a jury trial with respect to all issues triable before a jury.

Dated: New York, New York
February 10, 2015

**CAHILL PARTNERS LLP**

John R. Cahill
Ronald W. Adelman
Paul S. Cossu
70 West 40th Street
New York, New York 10018
(212) 719-4400

*Attorneys for Plaintiff*